UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOLON MOTOR AND COIL CORPORATION,

    Plaintiff,

v.

MERKLE-KORFF INDUSTRIES, INC.,

    Defendant.

No. 04 C 5134

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

In August of 2004, the Plaintiff, Molon Motor and Coil Corporation ("Molon"), filed suit against the Defendant, Merkle-Korff Industries, Inc. ("Merkle-Korff"), alleging infringement of Molon's U.S. Patent No. 6,054,785 ("the '785 patent"). One year later, Merkle-Korff amended its counterclaim, adding six declaratory judgment counts with respect to two previously unasserted patents: U.S. Patent Nos. 6,465,915 ("the '915 patent") and 6,617,726 ("the '726 patent"). Currently before the Court is Molon's Motion to Dismiss Counterclaim Counts II, III, V, VI, VIII and IX, all of which relate to the '915 patent and the '726 patent. Molon asserts that these counts should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court must accept as true all well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (*Long*). However, "[t]he district court may properly look beyond the jurisdictional allegation of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long*, 182 F.3d at 554 (citation omitted). A district court may weigh evidence in determining whether jurisdiction has been properly established. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*United Phosphorous*). The burden of establishing federal jurisdiction is on the party asserting jurisdiction. *United Phosphorous*, 322 F.3d at 946.

Here, Merkle-Korff's counterclaim counts seek declaratory relief. The Declaratory Judgment Act is limited to "cases of actual controversy." *Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1991). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937) (*Aetna*) (citations omitted). An actual controversy is "distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna*, 300 U.S. at 242.

The Federal Circuit provides a two-part test to determine whether an actual case or controversy exists in a patent infringement suit. There must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit and (2) present activity by the declaratory judgment plaintiff which could constitute infringement or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity. *Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1332 (Fed. Cir. 2005) (*Teva Pharms.*). The party seeking the declaratory judgment bears the burden of establishing the existence of an actual controversy. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).

The operation of the Declaratory Judgment Act is procedural only. Relief under the Act is available only if the requisites of jurisdiction are met. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950). Thus, when a declaratory plaintiff fails to meet its burden of establishing the existence of an actual case or controversy under the two-part test formulated by the Federal Circuit, the Court lacks subject matter jurisdiction. *Teva Pharms.*, 395 F.3d at 1332.

In the course of the briefing of this motion to dismiss, Molon offered Merkle-Korff a covenant not to sue with respect to the '915 and '726 patents, which was later amended after an objection by Merkle-Korff. The amended covenant reads as follows:

> Molon hereby forever covenants not to sue Merkle-Korff for patent infringement (whether direct, contributory, or by inducement thereof) under either the '915 patent or the '726 patent with respect to any and all products previously or presently made, used or sold by Merkle-Korff in the United States. This covenant extends directly to Merkle-Korff as well as any individual or entity to which Merkle-Korff previously or presently supplies products by way of the manufacture and/or sale thereof in the United States.

As amended, the covenant not to sue divests the Court of subject matter jurisdiction over Merkle-Korff's declaratory judgment counterclaim involving the '915 and the '726 patents because any actual controversy that existed has been extinguished by the covenant not to sue. As a result, the Court lacks subject matter jurisdiction over the declaratory judgment counterclaims; and Molon's 12(b)(1) motion to dismiss is granted.

Based on the above, Molon's Motion to Dismiss Merkle-Korff's Second Amended Declaratory Judgment Counterclaims II, III, V, VI, VIII and IX is granted.

Dated: February 15, 2006

JOHN W. DARRAH
United States District Court Judge